# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS GREER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-14-972-R |
| | ) |
| JASON BRYANT, | ) |
| | ) |
| Respondent.[1] | ) |

## REPORT AND RECOMMENDATION

On September 10, 2014, Petitioner Thomas Greer, an Oklahoma state prisoner appearing pro se, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1, "Petition"), along with exhibits in support (Doc. Nos. 1-1 to 1-7). United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Petitioner subsequently, upon direction of the Court, filed a signed and verified photocopy of his Petition (Doc. No. 9, "Amended Petition"). Having reviewed Petitioner's pleading,[2] the undersigned

---

[1] Petitioner named Janet Dowling as the Respondent in this action. Ms. Dowling is a former warden of the James Crabtree Correctional Center ("JCCC"), the state operated facility in Helena, Oklahoma, where Petitioner is incarcerated. Jason Bryant, the current JCCC warden, is hereby substituted as Respondent. *See* Fed. R. Civ. P. 25(d), 81(a)(4); R. 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); *James Crabtree Correctional Center*, Okla. Dept. of Corr., http://www.ok.gov/doc/Organization/Field_Operations/West_Institutions/James_Crabtree _Correctional_Center.html (last visited June 25, 2015).

[2] The undersigned has considered the Petition, exhibits attached to the Petition, and Amended Petition as Petitioner's "pleading."

recommends that the action be dismissed and that Petitioner's pending motions (Doc. Nos. 2, 3, 11) be denied.

## BACKGROUND

*A. State Court Proceedings*

On November 12, 1999, after a jury trial, Petitioner was convicted in the District Court of Comanche County, Oklahoma, of first-degree murder and sentenced to life imprisonment without the possibility of parole. *See* Am. Pet. at 1-2;[3] *State v. Greer*, No. CF-1998-470 (Comanche Cnty. Dist. Ct. filed Oct. 30, 1998).[4] Petitioner did not file a direct appeal. Am. Pet. at 2.

On June 15, 2011, Petitioner filed an application for postconviction relief in Comanche County District Court, asserting various defects in his trial proceedings. *See* Am. Pet. at 3. The district court denied the application on July 28, 2011, and the Oklahoma Court of Criminal Appeals affirmed that decision on October 6, 2011. Am. Pet. at 3; Pet. Ex. 4, Doc. No. 1-4 (*State v. Greer*, No. CF-1998-470 (Comanche Cnty.

---

[3] Citations to documents filed in this Court use the page numbers assigned by the Court's electronic filing system. When quoting documents filed by Petitioner, the undersigned has altered the capitalization to improve readability.

[4] An electronic version of the docket in Case No. CF-1998-470 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-1998-470. Certain filings indicate that Petitioner's conviction and sentencing occurred on November 10, 1999. *See* Pet. Ex. 3, Doc. No. 1-3, at 2, 3; Pet. Ex. 5, Doc. No. 1-5, at 1. Other evidence, including the state court docket and state court orders, is consistent with a November 12, 1999 conviction and sentencing. *E.g.*, Pet. Ex. 2, Doc. No. 1-2, at 2; Pet. Ex. 4, Doc. No. 1-4, at 1. For the purposes of this Report and Recommendation, the undersigned has assumed—in Petitioner's favor—the applicability of the later date.

2

Dist. Ct. July 28, 2011)); *Greer v. State*, No. PC-2011-751 (Okla. Crim. App. filed Aug. 23, 2011).[5]

On June 4, 2012, Petitioner filed another application for postconviction relief in Comanche County District Court, seeking a recommendation that Petitioner be permitted to file a direct appeal out of time. Am. Pet. at 4; *see also* Okla. Stat. tit. 22, ch. 18 app., R. 2.1(E)(1). The district court initially denied the application on October 18, 2012, and Petitioner appealed. Pet. Ex. 3, Doc. No. 1-3, at 1. The Oklahoma Court of Criminal Appeals remanded the matter to the district court "for entry of an order setting forth findings of fact and conclusions of law addressing Petitioner's application for post conviction relief." Pet. Ex. 3 at 1; *see also* Pet. Ex. 2 at 1-2. The district court again denied the application on May 1, 2013, and the Oklahoma Court of Criminal Appeals affirmed that denial on July 18, 2013. Pet. Ex. 1, Doc. No. 1-1 (*State v. Greer*, No. CF-1998-470 (Comanche Cnty. Dist. Ct. May 1, 2013)); Pet. Ex. 2, Doc. No. 1-2 (*Greer v. State*, Nos. PC-2012-1001, PC-2013-507 (Okla. Crim. App. July 18, 2013)). The United States Supreme Court denied Petitioner's petition for writ of certiorari, as well as his subsequent petition for rehearing. *Greer v. Oklahoma*, 132 S. Ct. 1752, *reh'g denied*, 133 S. Ct. 75 (2012).

---

[5] An electronic version of the docket in Case No. PC-2011-751 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2011-751.

B. *Federal Habeas Petition Under 28 U.S.C. § 2254*

As noted, Petitioner initiated the action that is now before the Court on September 10, 2014. Petitioner asserts four grounds for habeas relief.

In Ground One, Petitioner asserts that he "was denied a direct appeal through no fault of his own." Am. Pet. at 5. Petitioner alleges, "Trial counsel abandon[ed] Petitioner at the conclusion of jury trial and neglected to file Notice of Intent to Perfect Appeal nor did he explain the advantages and disadvantage of appeal." Am. Pet. at 5. Petitioner further alleges that the state district court "failed to conduct an evidentiary hearing" before ruling on this claim in Petitioner's second application for postconviction relief, in which Petitioner sought to pursue a direct appeal out of time. *See* Am. Pet. at 6.

In Ground Two, Petitioner asserts that, as a result of the state district court's alleged failure to conduct an evidentiary hearing, that court lacked "authority to grant or deny relief" as to Petitioner's second application for postconviction relief. Am. Pet. at 7. Similarly, in Ground Three, Petitioner asserts that it was improper for the Oklahoma Court of Criminal Appeals to "accept[] [the] district court's denial" of Petitioner's second application for postconviction relief because no evidentiary hearing was conducted prior to the issuance of the district court's disposition. Am. Pet. at 8.

In Ground Four, Petitioner asserts that "evidence was insufficient to . . . sustain a conviction of first-degree [murder] absent aggr[a]vated elements." Am. Pet. at 10. Specifically, Petitioner alleges:

> Petitioner['s] trial counsel failed to object to the state's filing of first degree murder charges when the circumstances in Petitioner's cause did not constitute said charge. Also, during the second stage of jury trial[, the

4

> judge] neglected to instruct the jury to the lesser offense charges thereby depriving Petitioner of a fair and impartial trial.

Am. Pet. at 10. Petitioner asserts that this ground was not raised on direct appeal because "Trial Counsel neglected to file Notice of Intent to Appeal within Ten-Day Statutory Period," as required to pursue a direct appeal. *See* Am. Pet. at 10; Okla. Stat. tit. 22, ch. 18 app., R. 2.1(B), 2.5(A).

Petitioner requests that this Court "remand [the] cause back to state court to conduct [a] proper evidentiary hearing and reverse conviction to lesser included offense through direct appeal." Am. Pet. at 15.

## ANALYSIS

A petition filed under 28 U.S.C. § 2254 is subject to dismissal upon filing "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006). As detailed below, it plainly appears from the Petition, Amended Petition, and Exhibits that this action was untimely filed. Thus, Petitioner is not entitled to relief in this Court, and the undersigned recommends that the Amended Petition be dismissed.[6] *See Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008)

---

[6] "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner's arguments regarding the timeliness of his Petition are discussed below. Petitioner is given notice by this Report and Recommendation of his additional opportunity to present his position by filing an objection to the Report and Recommendation.

5

(permitting sua sponte dismissal of petition when untimeliness is "clear from the face of the petition itself"); *see also Day*, 547 U.S. at 209-10.[7]

A. *Limitation Period Under 28 U.S.C. § 2244(d)(1)*

A one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest among four possible dates, only two of which are potentially applicable to the Petition. *See id.*

1. 28 U.S.C. § 2244(d)(1)(A)

Most commonly, the one-year limitation period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Under Oklahoma law, if a written notice of intent to appeal and designation of record are not filed in the trial court within ten days of the pronouncement of the judgment and sentence, a criminal defendant waives his or her right to appeal, and the conviction becomes final. Okla. Stat. tit. 22, ch. 18 app., R. 2.1(B), 2.5(A); *see also Nicholson v. Higgins*, 147 F. App'x 7, 8-9 (10th Cir. 2005) (discussing procedure for direct appeal in Oklahoma).

---

[7] When sua sponte addressing the timeliness of a § 2254 petition, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits" of the petition. *Day*, 547 U.S. at 210 (internal quotation marks omitted); *see also Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007). The undersigned finds that these considerations do not counsel against the Court considering whether this action is time-barred and dismissing it on that basis.

Petitioner's judgment and sentence were pronounced on November 12, 1999. Petitioner did not appeal. Thus, Petitioner's conviction became final ten days later on November 22, 1999. Petitioner's limitation period to file a federal habeas petition began to run the next day and expired—absent any tolling—one year later on November 24, 2000.[8] *See* 28 U.S.C. § 2244(d)(1)(A); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Thus, the Petition filed on September 10, 2014, almost 14 years after the expiration of this period, is untimely under § 2244(d)(1)(A), unless sufficient tolling of the deadline applies. *See* 28 U.S.C. § 2244(d)(1)(A); *Clark*, 468 F.3d at 713.

2. 28 U.S.C. § 2244(d)(1)(D)

The limitation period may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," if that date is later than the date on which the petitioner's judgment became "final" as defined by § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(1)(D). In asserting that he belatedly discovered that no direct appeal of his conviction had been pursued, Petitioner arguably seeks the application of this limitation period.

Petitioner contends that the sentencing hearing transcript shows "that Petitioner wanted to file a direct appeal." Am. Pet. at 14. *But see* Pet. Ex. 5 (Sent'g Hr'g Tr.), Doc. No. 1-5, at 1-2, 3 (reflecting that option to appeal was briefly mentioned but no clear intent to appeal was expressed by Petitioner or his counsel). Petitioner states that he

---

[8] The final day of the one-year period was Thursday, November 23, 2000, which was Thanksgiving Day, a legal holiday. In accordance with Federal Rules of Civil Procedure 6(a)(3)(A) and 81(a)(4), the limitation period expired the next day, Friday, November 24, 2000.

7

"fail[ed] to contact and direct court-appointed attorney to file a Notice of [Intent to] Appeal within the Ten-Day period." Am. Pet. at 13; *see also* Am. Pet. at 13 (stating Petitioner "had assumed that court appointed counsel would contact him concerning appeal"). Petitioner does not specify when he discovered that no appeal had been pursued, but asserts that he believed an appeal was being pursued and was "unaware" that it "did not take over ten years for the Oklahoma Court of Criminal Appeals to render a decision []or that the assigned appellate counsel would contact him and/or serve him a copy of appellant's brief." *See* Am. Pet. at 14. Petitioner contends that his trial counsel "abandon[ed]" him by "neglect[ing]" to file the requisite appeal notice during the ten-day period. *See* Am. Pet. at 5, 14.

It is apparent from the pleading that at the time Petitioner's conviction became final in November 1999, or shortly thereafter, Petitioner could have discovered through due diligence that the required appeal notice had not been filed in the trial court—the basic factual predicate to each ground in the Petition. Thus, application of § 2244(d)(1)(D) would make no or little difference to the calculation of the deadline for Petitioner to pursue federal habeas relief.

Nevertheless, the undersigned alternatively considers Petitioner's contention of a later discovery date. At the latest, Petitioner had actual notice by December 2011 that the required appeal notice had not been filed in the trial court, because by then Petitioner had filed a grievance against his trial counsel with the Oklahoma Bar Association regarding the issue. *See* Pet. Ex. 7, Doc. No. 1-7; *see also* Pet. Ex. 4, July 2011 state-court order denying Petitioner's first application for postconviction relief, at 1 (noting that Petitioner

"never appealed his conviction"). Even assuming that a December 1, 2011 discovery of the factual predicate was plausible, the one-year limitation period under § 2244(d)(1)(D) would have expired on Monday, December 3, 2012. The Petition was filed on September 10, 2014, almost two years after the expiration of this period. Therefore, under this alternative, extended § 2244(d)(1)(D) deadline, the Petition would still be untimely unless sufficient tolling applies.

 B. *Tolling of the Limitation Period*

  1. <u>Statutory Tolling</u>

The federal habeas limitation period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (holding that limitation period is not tolled under § 2244(d)(2) beyond date of state court's final decision). However, only such an application "filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations." *Clark*, 468 F.3d at 714.

Applying the § 2244(d)(1)(A) limitation period discussed above, Petitioner is not entitled to statutory tolling because Petitioner did not seek any state postconviction relief or other collateral review before the deadline of November 24, 2000. *See* Am. Pet. at 3, 4; *Clark*, 468 F.3d at 714. If the Court were to instead apply the alternative § 2244(d)(1)(D) limitation period also discussed above, Petitioner would be entitled to some statutory tolling while his second state application for postconviction relief was pending. Petitioner filed that application on June 4, 2012, with 182 days remaining in the

§ 2244(d)(1)(D) federal limitation period that, as assumed above, began to run on December 1, 2011. The matter was pending in state court until July 18, 2013, when the Oklahoma Court of Criminal Appeals affirmed the denial of the application. Thus, the limitation period would be tolled from June 4, 2012, through July 18, 2013. The remaining 182 days in the limitation period would have begun to run on July 19, 2013, and would have expired on January 17, 2014. In other words, under this alternative scenario, Petitioner was required to have filed his habeas action no later than January 17, 2014, absent any equitable tolling.

   2. Equitable Tolling

Equitable tolling of the statutory deadline applies "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted); *see also Holland v. Florida*, 560 U.S. 631, 634, 645 (2010) (recognizing applicability of equitable tolling to 28 U.S.C. § 2244(d) "in appropriate cases"). A petitioner generally bears the burden of establishing the applicability of equitable tolling by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808.

Petitioner asserts that he "engaged in persistent efforts to achieve post-conviction relief" and offers vague explanations for delays in pursuing his state court remedies, including trial counsel's alleged failure to pursue a direct appeal and Petitioner's own unfamiliarity with legal processes. *See* Am. Pet. at 13-14. Petitioner makes no express argument, however, to explain his delay in pursuing *federal* habeas relief.

For the one-year time period relevant to the November 24, 2000 deadline under § 2244(d)(1)(A), Petitioner's facts do not suggest, much less establish, that Petitioner diligently pursued his federal rights or that Petitioner encountered a circumstance beyond his control that prevented his timely pursuit of federal habeas relief prior to that deadline (and until September 2014). If the alternative § 2244(d)(1)(D) one-year limitation period were applied, Petitioner's facts still do not establish the type of diligent action or uncontrollable event that would justify the delay between the July 18, 2013 decision of the Oklahoma Court of Criminal Appeals affirming the denial of Petitioner's second application for postconviction relief, and the September 10, 2014 filing of the Petition in this action. Specifically, it is apparent from the pleading that Petitioner has no adequate explanation for why he did not file a federal habeas petition prior to the latest possible deadline of January 17, 2014. A pro se petitioner's ignorance of the law is generally not considered an extraordinary circumstance that warrants equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008); *Marsh*, 223 F.3d at 1220; *see also Gibson*, 232 F.3d at 808 ("Simple excusable neglect is not sufficient."). Thus, under either position, Petitioner has failed to establish that equitable tolling should apply.

## C. Conclusion Regarding Timeliness of Petition

As noted, Petitioner did not file his Petition until September 10, 2014. This was almost 14 years after the actual deadline of November 24, 2000, and nine months after the latest possible deadline that could reasonably be argued for under Petitioner's facts. The Petition is untimely.

## D. Petitioner's "Motion to Stay the Final Disposition" (Doc. No. 11)

Approximately one month after filing this action, Petitioner filed a "Motion to Stay the Final Disposition," stating that he had filed an application in state court for postconviction relief based on newly discovered evidence. *See* Pet'r's Mot. to Stay, Doc. No. 11, at 1. Petitioner does not describe the claims or evidence presented in that application. *See id.* Petitioner requests that this Court "stay proceedings until the post-conviction has been exalted from all state remedies" and "then hear all proceeding[s] together." *Id.* To date, however, the state court docket reflects no new application for postconviction relief filed by Petitioner. *See State v. Greer*, No. CF-1998-470 (Comanche Cnty. Dist. Ct.).

A federal district court may exercise limited discretion to stay the proceedings in an action seeking habeas relief when a petitioner who presents a claim that has not yet been exhausted in state court shows (1) good cause for his failure to exhaust the claim before seeking relief in federal court; (2) that the claim is not plainly meritless; and (3) that he has not "engaged in intentionally dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 273-78 (2005). Here, Petitioner has neither presented an unexhausted claim nor satisfied any of the criteria for a stay, had such a claim been presented. The

undersigned thus recommends that Petitioner's Motion to Stay the Final Disposition be denied.

RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be dismissed as untimely and that Petitioner's Motion to Stay the Final Disposition (Doc. No. 11) be denied. The undersigned further recommends that Petitioner's Motion to Appoint Counsel (Doc. No. 2) and Motion for Evidentiary Hearing (Doc. No. 3) be denied as moot upon adoption of the above recommendation.

NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by July 16, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation to Respondent and to the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us.

ENTERED this 25th day of June, 2015.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE